## ILLINOIS CENTRAL RAILROAD COMPANY
### v.
### JOSEPH BRELSFORD.

1. INJURY TO LIVE FREIGHT.—Where an injury to live freight while being shipped, whether from sickness or from violence, is not the effect of any fault or negligence of the carrier in respect to the means or manner of its carriage, but is due to its own viciousness or restlessness caused by the peculiar character and propensities of the animal, or by improper loading or tying by the plaintiff himself, or to other defects originating in its vitality, the carrier is not liable.

2. INSTRUCTIONS.—As the instruction given in this case implied that if

the injury was the result of violence received while in transit from Chicago to Onarga, the defendant carrier was absolutely liable, it was erroneous.

Appeal from the Circuit Court of Iroquois county; the Hon. O. T. Reeves, Judge, presiding. Opinion filed July 27, 1883.

Mr. Charles H. Wood, for appellant; that where no external injury to the animal appears, the burden is on the plaintiff to show some negligence upon the part of the carrier, cited Hussey v. The Saragossa, 3 Woods (Fifth U. S. Circuit), 380; Cragin v. N. Y. C. R. R. Co. 51 N. Y. 61; Penn. v. Buffalo & Erie R. R. Co. 49 N. Y. 205; Mich. S. & N. Ind. R. R. Co. v. McDonough, 21 Mich. 166.

In the case of live stock, the carrier is not liable for loss or damage caused by the animals themselves, or by their own inherent defect or want of vitality: Ind. & St. L. R'y Co. v. Jurey, 8 Bradwell, 160; O. & M. R. R. Co. v. Dunbar, 20 Ill. 623; Lawson on Carriers, § 17; Evans v. Fitchburg R. R. Co. 111 Mass. 142; Smith v. N. H. & N. R. R. Co. 12 Allen, 534; Rixford v. Smith, 52 N. H. 363.

A carrier can limit its liability as to carriage of live animals where there is no negligence, and such a contract is not within the statute against limiting liability: I. & St. L. R'y Co. v. Jurey, 8 Bradwell, 160; C. B. & Q. R. R. Co. v. Hale, 2 Bradwell, 150; Cragin v. N. Y. Cent. R. R. Co. 51 N. Y. 61.

Messrs. Kay & Euans, for appellee; cited R. S. Ch. 27, Ch. 114, § 83; M. D. T. Co. v. Theilbar, 86 Ill. 71; M. D. T. Co. v. Leysor, 89 Ill. 43.

As to a carrier limiting its common law liability: M. D. T. Co. v. Joesting, 89 Ill. 152; Erie R'y Co. v. Wilcox, 84 Ill. 239; Boscowitz v. Adams Express Co. 93 Ill. 523; M. D. T. Co. v. Kahn, 76 Ill. 520; C. & N. W. R'y Co. v. Sawyers, 69 Ill. 285.

If goods are lost by one carrier in a line of carriers composed of several, the consignor may have his action against either the first to whom the goods were delivered, or against any other one of the series if that one occasioned the loss: C. &

N. W. R'y Co. v. N. L. P. Co. 70 Ill. 217; St. L. & I. M. R. R. Co. v. Larned, 103 Ill. 293.

As to the common law liability of a carrier to deliver live animals: St. L. & S. E. R'y Co. v. Dorman, 72 Ill. 504; I. & St. L. R. R. Co. v. Jurey, 8 Bradwell, 160; Mynards S. B. v. N. Y. R. R. Co. 71 N. Y. 180; Smith v. Railroad Co. 12 Allen, 531; Banbury v. S. C. R. R. Co. 9 S. C. 61.

In case of loss of property intrusted to a common carrier, the burden of showing that the loss was without his fault, rests upon him: Hunt v. Morris, 6 Martin (S. C.), 12 Am. Dec. 489; Black v. Goodrich Trans. Co. 14 Rep. 638; Penn. R. R. Co. v. Miller, 7 Rep. 25.

The fact of injury received is *prima facie* evidence of negligence: L. R. R. Co. v. Hedger, 9 Bush. 645; 2 Greenleaf on Ev. § 219; P. & R. R. Co. v. Anderson, 94 Penn. 351; Smyrl v. Niolon, 2 Bailey, 421; Purney v. Wilson, 7 Yerger, 340; Ewart v. Stewart, 2 Bailey, 421; Turney v. Wilson, 7 Yerger, 340; Ewart v. Stewart, 2 Bailey, 157; Hunt v. Morris, 6 Martin, 676.

PLEASANTS, J.   Early in October, 1880, appellee shipped a mare and colt by the C. & N. W. R'y at Racine, Wis., in a car of appellant, to be carried via Chicago to Onarga, Ill.   He selected the car, which was confessedly suitable and proper— loaded, tied, bedded and fed the mare in the afternoon and accompanied them to Chicago, where they arrived before daylight the next morning, apparently in good order.   After giving her there, about seven o'clock A. M., two quarts of oats and three gallons of water and leaving her "a bunch" of hay, and being told that the car would be promptly sent to appellant's yard, he took the morning passenger train for home.

About half past six o'clock P. M. of the same day the car was sent to appellant's yard, and went out that evening in its express freight train.   At half past one o'clock of the next morning it reached Kankakee, where the conductor, hearing groans proceeding from it, looked in and finding the mare down, breathing heavily, bloated, sweating and struggling but unable to rise except upon her fore feet, without any external

mark of violence, remained with her, doing all he could to help her, until they arrived at Onarga, near five o'clock of the same morning. The colt was then well, but the mare grew worse and died shortly before noon of that day.

Appellant brought this suit in assumpsit upon the alleged promise of defendant to take care of these animals and safely carry them from Chicago to Onarga and there safely to deliver them for plaintiff; and recovered judgment for $115.

His witnesses were of opinion that the mare's back was hurt by violence and that she died of lock-jaw in consequence; while those of defendant thought she died of flatulent colic, and their uncontradicted testimony was, that from Chicago to Onarga the train was very carefully handled, made few stops, was not once side-tracked and had an uncommonly smooth run.

Thus there was evidence tending to show that the injury, whether from sickness or from violence, was not the effect of any fault or negligence of the defendant in respect to the means or manner of her carriage, and so, by necessary infer-ence, that it was due to her own viciousness or restlessness, excited by the carriage, however careful, or by improper load-ing or tying by the plaintiff himself, or to other defects or causes originating in her vitality. For injuries thus occur-ring to live freight the law does not hold the carrier liable, since it is not the effect of a breach on his part of any promise or duty implied by his business. Hutchinson on Carriers, sec. 218; Wharton on Negligence, 616; I. & St. L. R'y Co. v. Jurey, 8 Bradwell, 160; C. R. I. & P. R. R. Co. v. Harmon, 12 Bradwell, 54; Smith v. Railroad Co. 12 Allen, 531; Mynard v. S. B. & N. Y. R. R. Co. 71 N. Y. 100.

But the court, at the instance of plaintiff, gave to the jury the following instruction: " If you believe from the evidence that the mare was received by the defendant in good condi-tion, not sick or hurt, and that when the mare arrived at Onarga she was found down in the car, and that she was par-alyzed in her hind parts by some injury, not the result of disease, then you are instructed that the burden of proof is on the defendant to show that such injury did not result from

any violence received by the mare while in transit from Chicago to Onarga"; which implies that if the injury was the result of violence received while in transit from Chicago to Onarga, the defendant was absolutely liable. This proposition is no more sound in respect to an injury received from violence than to one which is the result of sickness, and not at all as to either. The liability of defendant, if any, arises wholly from its own negligence; and although the mare had been hurt on the way from Chicago to Onarga by violence, yet if it was due to her own viciousness or restlessness caused by the peculiar character and propensities of the animal or to the conduct of the plaintiff, without fault on the part of defendant, it was not liable. And whatever presumption as to negligence, if any, may be raised by the condition in which the mare was found on arrival at Onarga, there was evidence in the case upon which the defendant had a right to the finding of the jury on the question thus excluded from its consideration.

It was therefore error to give the instruction, and we think it was not cured by other and proper ones also given.

For this error the judgment is reversed and the cause remanded.

Reversed and remanded.